UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DARYL McCLELLAND,

    Plaintiff,

v.                                  CASE NO. 8:14-cv-1971-T-23MAP

SHERIFF GRADY JUDD, *et al.*,

    Defendants.
_____/

## **O R D E R**

McClelland's complaint alleges that the defendants are violating his civil rights by denying him reasonable access to the courts. McClelland was granted leave to proceed *in forma pauperis*. (Doc. 8) The Prisoner Litigation Reform Act requires dismissal of an *in forma pauperis* prisoner's case "if the allegation of poverty is untrue" or if the case "is frivolous or malicious[,] fails to state a claim on which relief may be granted[,] or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). McClelland fails to adequately allege a claim that he can pursue in a civil rights action.

McClelland is detained in the Polk County jail. He complains that the quantity of paper, pencils, envelopes, and postage that Polk County provides to indigent detainees is insufficient to afford reasonable access to the courts.

McClelland represents[1] that every two weeks he is provided free of charge two sheets of blank paper, a pencil, an envelope, postage for a one-ounce first-class letter, and a postage-paid postcard. McClelland requests a preliminary injunction and declaratory judgment requiring the defendants "provide him with sufficient writing materials and postage."

According to McClelland's exhibits,[2] detainees (1) are provided forms for communicating with the local state court, the prosecutor, and the public defender and the delivery of that correspondence is accomplished internally without the need for postage (Exhibit B attached to the amended complaint) and (2) are permitted "100 pages per week . . . from the law library in legal materials and copies." (Exhibit A attached to the original complaint) Additionally, forms are available for free from the clerk's office for filing a civil rights complaint and an application for the writ of habeas corpus.[3]

---

[1] The exhibits attached to the original complaint (Doc. 1) and amended complaint (Doc. 6) support McClelland's representation.

[2] McClelland's supporting exhibits are responses to his grievances and are considered part of the complaint. "A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes." Rule 10(c), Fed. R. Civ. P. *See also Grossman v. Nationsbank, N.A.*, 116 F.3d 1364, 1368 (11th Cir. 1997) ("When considering a motion to dismiss, all facts set forth in the plaintiff's complaint are to be accepted as true and the court limits its consideration to the pleadings and exhibits attached thereto."); *Brooks v. Blue Cross and Blue Shield of Fla., Inc.*, 116 F.3d 1364, 1368 (11th Cir. 1997) ("[T]he analysis of a 12(b)(6) motion is limited primarily to the face of the complaint and attachments thereto.").

[3] According to the grievance response (Exhibit B attached to the amended complaint), a detention official opines that McClelland unnecessarily wastes his limited supply of sheets of blank paper and envelopes by not using "Inmate Request/Grievance Forms."

A confined person must have both "meaningful access to the courts," *Bounds v. Smith*, 430 U.S. 817, 823 (1977), and "a reasonably adequate opportunity to file nonfrivolous legal claims challenging their convictions or conditions of confinement. But it is that capability, rather than the capability of turning pages in a law library, that is the touchstone." *Lewis v. Casey*, 518 U.S. 343, 357 (1996). As a consequence, a detainee's access to the courts must be reasonable, but need not be unfettered. To state a claim of denial of access to the courts, McClelland must show that he has incurred an "actual injury." This requirement of an actual injury derives from the constitutional requirement that a claimant have standing to sue.

> [A]n inmate cannot establish relevant actual injury simply by establishing that his prison's law library or legal assistance program is sub-par in some theoretical sense. That would be the precise analogue of the healthy inmate claiming constitutional violation because of the inadequacy of the prison infirmary. Insofar as the right vindicated by *Bounds* is concerned, "meaningful access to the courts is the touchstone," *Bounds*, 430 U.S. at 823, 97 S. Ct. at 1495, and the inmate therefore must go one step further and demonstrate that the alleged shortcomings in the library or legal assistance program hindered his efforts to pursue a legal claim.

*Casey*, 518 U.S. at 351. *Accord Wilson v. Blankenship*, 163 F.3d 1284, 1290 (11th Cir. 1998) (A plaintiff raising an access to the courts claim "must show actual injury before seeking relief."). To prevail on an "access to the courts" claim, McClelland must show that the defendants' conduct is precluding his pursing a non-frivolous direct appeal, a collateral attack on a sentence, or a challenge to conditions of confinement. *Wilson v. Blankenship*, 163 F.3d at 1290. McClelland allegation fails to meet this standard.

Additionally, McClelland is not entitled to unlimited writing materials and postage, as *Van Poyck v. Singletary*, 106 F.3d 1558, 1559-60 (11th Cir.), *cert. denied*, 522 U.S. 856 (1997), explains:

> The First Amendment does not compel prison officials to provide indigent prisoners with unlimited free postage and materials for non-legal mail. *See Hershberger [v. Scaletta],* 33 F.3d [955,] 956 [(8th Cir. 1994)]. The rules allow for free postage and materials, and do not prevent Van Poyck and Diaz from expressing free speech. *See* Rules 3.004(12) & 3.006(5) (R1–1, Exhs. 13–14). Although the rules reduce the number of opportunities for an indigent inmate to express free speech through the mail, the rules nevertheless provide "some free stamps" for such exercise. *See Hoppins[v. Wallace],* 751 F.2d [1161,] 1162 [11th Cir. 1985)].

McClelland's amended complaint fails to adequately allege the denial of access to the courts. If he believes that he can allege a valid claim, McClelland should submit within thirty days a second amended complaint and move to re-open this action.

Accordingly, the civil rights complaint is **DISMISSED**. The clerk must enter a judgment against McClelland and close this case. The clerk must send to McClelland a civil rights complaint form.

ORDERED in Tampa, Florida, on November 21, 2014.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE